690 P.2d 1235

**Barbara ENGLISH–CLARK,
Plaintiff/Appellant,**

v.

**CITY OF TUCSON, a municipal corpo-
ration and Ernest E. Abbott,
Defendants/Appellees.**

No. 2 CA–CIV 5056.

Court of Appeals of Arizona,
Division 2.

June 25, 1984.

Reconsideration Denied Sept. 24, 1984.

Review Denied Nov. 20, 1984.

Messing & Glicksman, P.C. by Elliot Glicksman, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by Edwin M. Gaines, Jr., and S. Jon Trachta, Tucson, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

This appeal arises out of a lawsuit alleging that police officer Abbott used excessive force in arresting appellant and the City of Tucson negligently supervised its police force. We are required to address two issues: (1) Whether Officer Ernest Abbott had probable cause to arrest appellant Barbara English-Clark, and (2) whether evidence suggesting that Officer Abbott had a history of using excessive force and that the City of Tucson negligently retained and supervised Abbott was properly excluded. The jury found adversely to appellant on the issue of excessive force and the court directed a verdict for the city on the issue of negligent supervision.

The incident leading to this lawsuit occurred on April 3, 1980. Appellant was the passenger in a pickup truck driven by her husband, Cleet Clark. The Clarks had been transporting a car on a trailer, first to an insurance appraiser and then to an auto repair shop. They dropped the car off at about 4 p.m. at the Auto Center on Alvernon Way near 22nd Street. They went around the block and, as they returned from 22nd Street onto Alvernon, appellant noticed Officer Abbott sitting on a motorcycle. Abbott, as part of his duties, was watching afternoon rush hour traffic to make sure it flowed smoothly. His attention was drawn to the Clark vehicle when he heard tires squeal and observed a small compact station wagon almost hit the rear of the Clark's trailer. He noticed the absence of turn signals and brake lights on the trailer and drove up behind the Clark vehicle with his emergency lights flashing. Mr. Clark, who apparently saw Abbott in the rear view mirror, continued driving despite several opportunities to stop. At 29th Street and Alvernon, Abbott pulled alongside Clark's vehicle while it was stopped at a red light. Abbott informed Clark of the missing brake lights and asked Clark to pull off the road. Clark responded with profanities and drove off when the traffic light turned green. Abbott turned on his siren for a moment and Clark stopped his truck in the road near 32nd Street. Clark got out of his truck, walked toward Abbott with a walking stick and the two men engaged in a heated discussion. Abbott informed Clark that the tail lights were not working and that, as a result, an accident almost occurred at 22nd Street and Alvernon. When Abbott asked Clark for his driver's license and registration, Clark said

that the truck belonged to his mother, returned to the truck and drove away. Abbott followed Clark, this time with his siren operating. Clark stopped several blocks later, this time in the single westbound lane of 32nd Street. Abbott had called for police assistance and two officers arrived within minutes. Clark, meanwhile, turned the ignition off, put the keys on the seat and got out of the truck. Abbott approached Clark asking for a driver's license and registration twice, each time Clark answered with profanities. At some point during these exchanges, Abbott received Clark's driver's license. Abbott grabbed Clark's walking stick and attempted to place him under arrest, and a struggle ensued. Eventually, Clark was subdued and escorted to a police car.

Abbott then approached appellant, who had remained in the truck during the incident. Abbott asked for and received appellant's driver's license and decided to inform appellant of her *Miranda* rights as a precautionary measure even though she was not under arrest. As appellant was giving Abbott her license, Abbott saw approximately six shotgun shells on the dashboard and an array of loose and bottled pills on the seat and floor. When Abbott left appellant to check her license, appellant left the truck, locked the door and went to a nearby house to call her mother-in-law. When she returned, Abbott approached her, read her the *Miranda* warnings and asked her for the keys to the truck, which were hanging from appellant's pants. When she refused, Abbott asked again and warned her that she would be arrested if she did not cooperate. Appellant refused again and was arrested for "hindering an investigation."

After being notified of her arrest, appellant was handcuffed. According to appellant's testimony, Abbott was excessively forceful when putting on the handcuffs despite his alleged awareness of her injured right wrist. After she was handcuffed, he searched her and allegedly fondled her breasts in the process. He denies any search or fondling.

When Abbott acquired the truck keys, he and another officer began searching the truck for the registration. As he sat down on the seat, he felt a hard object underneath a jacket. He lifted the jacket and turned over what appeared to be a .45-caliber automatic pistol. As he did, the weapon, a pellet gun, discharged. He picked it up and laid it on the dash. He opened the glove compartment in search of the registration and found a pistol in its holster. Later in the search, he saw several drug containers, most of them vials with Mr. or Mrs. Clark's name written on them, and he found the registration.

After completing the search, Abbott discussed with other officers the violations for which appellant would be charged. He decided to charge her with obstructing a criminal investigation, a class five felony under A.R.S. § 13–2409, after rejecting the charge of misdemeanor hindering a prosecution. This charge was ultimately dismissed.

Appellant and her husband filed a civil lawsuit against the City of Tucson and all of the officers involved arising from this incident. They alleged excessive force was used during both arrests, causing injuries to Mr. Clark's wrists, knuckles, lower back, kidneys, liver, etc., and to appellant's right wrist. They further alleged that the City of Tucson was liable for the officers' excessive use of force and that the city negligently supervised its police force, resulting in a fostered policy of police abuse. By the time of trial, the claims against two of the arresting officers had been dismissed and the remaining allegations were tried to a jury. The jury decided for appellee Abbott on the issue of excessive force and the court directed a verdict for the city on the allegation of negligent supervision.

Appellant first claims that no probable cause existed for her arrest for violating A.R.S. § 13–2409 because she did not "by means of bribery, misrepresentation, intimidation or force or threats of force [knowingly attempt to] obstruct, delay or prevent the communication of information or testimony relating to a violation of any criminal

statute to a peace officer ...." Since A.R.S. § 13–409 permits the use of reasonable force only when an arrest is founded on probable cause, appellant claims that the issue of probable cause was relevant and that her case supporting excessive force "was severely hampered when counsel could not argue that the officer did not have a reasonable belief in the lawfulness of the arrest." We conclude that probable cause for the arrest was established.

A warrantless arrest is authorized when a police officer has probable cause to believe a felony has been committed and that the arrestee has committed it. A.R.S. § 13–3883(1). When arresting someone for a misdemeanor, the police officer must have probable cause to believe the misdemeanor has been committed in his presence and that the arrestee committed it. A.R.S. § 13–3883(2). Probable cause for an arrest exists when the police officer has "reasonably trustworthy information of facts and circumstances which are sufficient to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested is committing or did commit it." *State v. Nelson*, 129 Ariz. 582, 586, 633 P.2d 391, 395 (1981); *State v. Marquez*, 135 Ariz. 316, 660 P.2d 1243 (App.1983). When a determination is made by the trial court that probable cause for the arrest existed at the time of the arrest and that conclusion is supported by substantial evidence, it will not be disturbed on appeal. *State v. Marquez, supra.* The probable cause determination requires the use of probabilities and it is not material that the person arrested may be innocent. *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978).

After Abbott arrested Mr. Clark for fleeing from a law enforcement vehicle, a class five felony under A.R.S. § 28–622.-01, he approached appellant, who was still seated in the truck. He observed shotgun shells and drugs and had reason to believe that a gun was within appellant's reach. These facts, coupled with Mr. Clark's flight from Abbott's repeated efforts to stop him and Clark's refusal to produce the truck's registration, gave Abbott the articulable facts necessary to justify a search of the truck. See *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *State v. Taras*, 19 Ariz.App. 7, 504 P.2d 548 (1972). When appellant locked the truck and refused to give Officer Abbott the keys, she effectively prevented him from obtaining physical evidence that might have assisted in Clark's prosecution and her conduct was a hinderance to Abbott's investigation in violation of A.R.S. § 13–2510(4) and § 13–2512, affording probable cause for her arrest. Appellant actively frustrated the investigation and her reliance on *People v. Wetzel*, 11 Cal.3d 104, 113 Cal.Rptr. 32, 520 P.2d 416 (1974), is misplaced.

Appellant argues that there was no probable cause to arrest her for obstructing a criminal investigation or prosecution as that crime is defined in A.R.S. § 13–2409. Conceding the point arguendo, the discussion does not end there. The state was not precluded from changing the statutory charge against appellant which supported probable cause for the arrest when it appeared objectively reasonable to do so and when the subsequent charge was substantially related to the original charge. *Trejo v. Perez*, 693 F.2d 482 (5th Cir.1982). Naturally, this rule is limited by the constitutional due process requirements of adequate and timely notice to the defendant of the offense charged. While no change in the charge occurred here, it was clearly available under an objective analysis of the circumstances. Although there may have been no violation of A.R.S. § 13–2409, there was a violation of A.R.S. § 13–2512. The apparent reason that appellant was not charged under the latter statute is because Officer Abbott was only aware of the misdemeanor called hindering prosecution under A.R.S. § 13–2511, and unaware of its felony counterpart. This does not preclude a finding of probable cause for appellant's arrest. *Trejo v. Perez, supra.*

The cases cited by appellant in her reply brief are inapposite because they deal with using, as a defense to a false imprisonment

claim, the justification that the arrestee/plaintiff was guilty of an offense other than the one charged. We are not presented here with a justification defense to a claim of false imprisonment. Instead, we are asked to determine only whether appellant's arrest was supported by probable cause.

Appellant argues in her second issue that the trial court improperly excluded evidence suggesting to the City of Tucson that Officer Abbott frequently used excessive force when dealing with citizens with whom he came in contact while executing his police duties, that the city knew or should have known from this evidence that Abbott was dangerous and that it negligently supervised and retained him. Specifically, the evidence consisted of (1) a list of 29 citizen complaints asserting Abbott's abusive conduct or excessive use of force, including the name of the complainant, the nature of the incident and, in most cases, the date of the incident and outcome of the complaint; (2) a statistical table displaying the average number of complaints against an officer for each year from 1973 through 1979; (3) testimony from the former chairman of the Tucson Citizen Police Advisory Committee regarding the compilations in the above statistical table and that, in most citizen complaints pitting the complainant's word against an officer's, the complaint is always declared to be unsubstantiated; (4) evidence that all of the complaints filed against Abbott were unsubstantiated, and (5) evidence that one of the unsubstantiated complaints formed the basis for a successful personal injury lawsuit against Abbott. The linchpin in the excluded evidence is the list of citizen complaints against Officer Abbott for, without it, the remaining evidence is irrelevant.

■ The balancing process under Rule 403, Arizona Rules of Evidence, 17A A.R.S., is left to the trial judge, who must determine whether the probativeness of the offered evidence is substantially outweighed by its unfair prejudice, confusion of the issues, etc. The judge's decision will not be disturbed on appeal absent a showing of abused discretion. *State v. Williams*, 133 Ariz. 220, 650 P.2d 1202 (1982). We find no abuse of discretion.

■ Ten of the 29 listed complaints are for excessive use of force. The conclusion on all is that they were not substantiated. In that group of 10, one occurred in 1967, 13 years before the present incident, and two others had no date. Appellant never offered the testimony of any of the listed complainants to substantiate the circumstances surrounding their complaint. Similarly, nothing was offered to establish that this list of complaints, offered for the fact that each complaint occurred, was reliably compiled. Since this list of complaints was, from plaintiff's position, crucial in establishing that the city had notice of Abbott's history, we find the lack of supporting evidence significant. As appellee suggests, the list amounted to hearsay within hearsay and was properly excluded. See *State v. Montano*, 136 Ariz. 605, 667 P.2d 1320 (1983). Moreover, the court's discretion in permitting collateral matters of this type is broad. Rule 403, Rules of Evidence, 17A A.R.S.

We do not argue with appellant's assertion that a claim for negligent supervision of a police officer is actionable in Arizona. See *City of Phoenix v. Peterson*, 11 Ariz. App. 136, 462 P.2d 829 (1969). We find, however, that appellant's evidentiary support for the critical part of her proof was sorely lacking.

Affirmed.

BIRDSALL, C.J., and HOWARD, J., concur.