952 P.2d 332

**STATE of Arizona, Appellee,**

v.

**William Lee BRANHAM, Appellant.**

**No. 1 CA–CR 97–0246.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 23, 1997.

Review Denied March 17, 1998.*

---

* McGregor, J., of the Supreme Court, did not    participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Ginger Jarvis, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

WEISBERG, Judge.

William Lee Branham ("defendant") appeals from his conviction on one count of possession of dangerous drugs. We must decide whether a police officer making a legitimate traffic stop may conduct a limited search for the vehicle registration card based solely on the driver's failure to produce it. Because we hold that such a search is not permissible under the Fourth Amendment, we remand with instructions.

## Facts and Procedural History

Officer Johnson stopped defendant for speeding. Upon the officer's request, defendant tendered his driver's license, but indicated that he had recently cleaned out his car and left the vehicle registration at home. After twice instructing defendant to search for the registration, Officer Johnson ordered defendant and his wife to step out of the car so he could search it himself. The officer testified that defendant said "okay."

Officer Johnson later testified that the failure to produce the vehicle registration, by itself, justified his limited search and that he had no other basis for searching the car. He indicated that he conducted similar searches in approximately eighty-five percent of those cases in which a driver could not produce registration.

During his limited search, Officer Johnson found some methamphetamine and drug paraphernalia. Based on this evidence, defendant was charged with possession of dangerous drugs. Defendant filed a motion to suppress, which was denied by the trial court. After his conviction by a jury, defendant timely filed this appeal.

## Discussion

Generally, a search without a warrant is per se unreasonable and in violation of the Fourth Amendment. *See State v. Castaneda,* 150 Ariz. 382, 389, 724 P.2d 1, 8 (1986). Several exceptions to the warrant requirement exist, however, and the state argued that two of these applied: the automobile exception and consent.

### A. Automobile Exception

When the trial court denied defendant's motion to suppress, it made the following observation:

It seems to me that if I went and stole a car and then got stopped for speeding while driving that car and the police officer asked me for driver's license, registration and insurance, I might give him my driver's license, but I wouldn't show him the registration and insurance because it's going to show somebody else's names that I've never heard of before. Therefore, the

rule of law that says a police officer can conduct a limited search for the purpose of finding evidence of registration is reasonable, and it appears that that's exactly what Officer Johnson did in this case. I find no abuse of process.

The rule of law to which the trial court referred is found in *State v. Taras*, 19 Ariz. App. 7, 504 P.2d 548 (1972). In *Taras*, officers spotted a car parked in a desert area where stolen cars were often abandoned. When they slowly approached the car in a police vehicle, Taras drove off rapidly into the desert without turning on the headlights. The police pursued and, after a short distance, Taras abandoned the car and fled on foot. The officers apprehended Taras after a brief chase. Taras told the officers that the car belonged to him and that the registration was not in it. One of the officers got into the vehicle and searched the dashboard and visor area for the registration, and found some marijuana and drug paraphernalia. *Id.* at 8–9, 504 P.2d at 549–50.

Taras moved to suppress the marijuana and paraphernalia as fruit of an illegal search. The *Taras* court held that the search was reasonable under the circumstances. *See id.* at 10, 504 P.2d at 551. The court noted that it was obvious that Taras had wished to avoid the police. *See id.* at 11, 504 P.2d at 552. Furthermore, the car was found in a location known by officers to be a place where stolen cars were abandoned. The officers therefore suspected that the car was stolen, and the court held that "if a driver is unable to produce proof of registration, the officer may conduct a limited search of the car for evidence of automobile ownership." *Id.* This broad language appears to be the presumed rule of law upon which the trial court based its ruling and upon which the officer based his search.

■ The *Taras* court premised its decision on the automobile exception to the search warrant requirement as articulated in *Chambers v. Maroney*, 399 U.S. 42, 51–52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970)(search warrant unnecessary where there is probable cause to search automobile stopped on the highway). The United States Supreme Court indicated that, because of the particu-

lar mobility of a car, an exception to the general warrant requirement exists so long as officers have probable cause to believe there is evidence "that the officers are entitled to seize." *Id.* at 48, 90 S.Ct. at 1979.

In *Taras*, the court specifically listed the facts that supported the officers' belief that the car might have been stolen: (1) the car was parked in an area where stolen cars were typically abandoned, (2) Taras tried to elude the police, *and* (3) Taras could not produce registration of the vehicle. *See id.* at 10–11, 504 P.2d at 551–52. On its facts, therefore, *Taras* simply applied *Chambers* and held that, under all of the circumstances, including the failure to produce registration, the officers had probable cause to believe that the car was stolen. *Id.*

Other cases have reached the same conclusion on similar facts. *See State v. Acosta*, 166 Ariz. 254, 801 P.2d 489 (App.1990); *English–Clark v. City of Tucson*, 142 Ariz. 522, 525, 690 P.2d 1235, 1238 (App.1984). In *Acosta*, the state attempted to justify a search of a car on the basis that the driver failed to produce proof of ownership. *See id.* at 258, 801 P.2d at 493. But, as in *Taras*, there were other factors that supported the search, specifically, that the driver did not have a driver's license and that he did not know the name of either the car's owner or the person who had loaned it to him. *See id.* Considering these facts, this court concluded that the "officer certainly could have a reasonable suspicion that the car was stolen...." *Id.* The determinative fact, again, was whether there was probable cause to believe that the car was stolen.

In *English–Clark*, a police officer observed a truck towing a trailer without turn signals or brake lights. The driver resisted the officer's attempts to stop the truck and, after the truck was finally halted, acted in a disruptive and obscene manner. When the officer approached the truck, he observed a shotgun, shotgun shells, and drugs on the seat. The driver, who could not produce the truck's registration, explained that the truck belonged to his mother. The driver was then placed under arrest for fleeing from a law enforcement vehicle. After searching the truck, the officer found more guns and drugs.

The *English–Clark* court cited *Taras* and concluded that all of the facts, including the failure to produce the registration, gave the officer "the articulable facts necessary to justify a search of the truck." *Id.* at 525, 690 P.2d at 1238. Although not expressly set forth, these facts clearly provided probable cause to believe that the truck was stolen and that the persons in the truck illegally possessed drugs and guns.

In each of these cases, there was probable cause to believe that the vehicle was stolen, in part based upon the driver's failure to produce registration. In the instant case, the search was based solely on the driver's failure to produce proof of registration. The officer even testified that he had no reason to believe that defendant's car was stolen and that he did not need such evidence; instead, the search was pursuant to his policy to search most vehicles when the drivers could not produce registration.[1]

Defendant relies on *People v. Superior Court,* 7 Cal.3d 186, 101 Cal.Rptr. 837, 496 P.2d 1205 (1972). On facts similar to the instant case, the California trial court granted a motion to suppress and the state appealed. The California Supreme Court analyzed the failure to produce registration as follows:

> It would not be unreasonable for a thief to remove or destroy the registration card of an automobile he has taken; his purpose in so doing might be to prevent the true owner from being traced, to eliminate the discrepancy between the owner's name and his own, or to facilitate substitution of a forged card.... [I]t is also true that being a stranger to the vehicle he might not be able to present the card to an officer simply because he did not know where to find it. [101 Cal.Rptr. at 842, 496 P.2d at 1210.]

This is the same reasoning that the trial court applied in the instant case to find that the search was justified. But the California Supreme Court went on in its analysis to note that the failure to produce the registra-

tion card "could equally well be entirely innocent." *Id.,* 101 Cal.Rptr. at 842, 496 P.2d at 1210. The court provided such examples as when a person renews or transfers registration, requiring its removal from the car, or when a driver might innocently be unable to locate the registration. *Id.* The court concluded that the failure to produce registration, without more, does not provide probable cause to believe that a car has been stolen.

In *State v. Valenzuela,* 121 Ariz. 274, 589 P.2d 1306 (1979), this analysis was applied by the Arizona Supreme Court to another type of search. In that case, an officer searched a person who was standing in a group because the officer had smelled a strong odor of marijuana. The *Valenzuela* court cited *People v. Superior Court* for the proposition that, because the presence of marijuana odor is equally consistent with innocent behavior on Valenzuela's part (other persons were present who could have possessed the marijuana), the odor, by itself, did not provide probable cause to search him. The court went on to note that additional factors, specifically Valenzuela's dishonest answers about the contents of his pockets and other facts, *in combination* with the smell of marijuana, did provide probable cause. *Valenzuela,* 121 Ariz. at 276, 589 P.2d at 1308.

Applying the *Valenzuela* reasoning to the instant case, we reach the same result as the court in *People v. Superior Court.* The failure to produce registration is not a criminal offense. Ariz.Rev.Stat. Ann. § 28–305(F)(Supp.1997)(requiring registration card to be carried in car), § 28–181 (violation of chapter 3 is a civil traffic violation). As a result, the failure to produce registration is equally consistent with innocent behavior. Therefore, such failure, by itself, does not provide probable cause to believe that a car is stolen and does not permit the limited search conducted here.

■ This decision does not mean that failure to produce registration is irrelevant in all cases. As *People v. Superior Court, Taras,*

---

1. The state also argues that other evidence supported the search of the vehicle, specifically Officer Johnson's testimony that they "were dealing with a large amount of stolen vehicles" at the time of the stop. This testimony, however, does not support any particular inference that defendant's car was stolen and does not support probable cause to search for registration. Moreover, in this case, it is belied by the officer's testimony.

*Acosta,* and *English–Clark* all conclude, other facts, in combination with the failure to provide registration, may provide probable cause to believe that a car is stolen, or is involved in some other criminal activity. We hold that because the state did not provide any additional evidence that the vehicle in this case might be stolen or involved in some other criminal activity, the search was not supported by probable cause under the automobile exception.

## B.  Consent

The state also argues that defendant consented to the search. The record, however, indicates that the trial court did not rule on this fact-intensive question. *See State v. Paredes,* 167 Ariz. 609, 612, 810 P.2d 607, 610 (App.1991). Because we find that the trial court's basis for denying the motion to suppress was incorrect, we remand the case for consideration of whether the state provided clear and positive evidence that consent to search was freely and voluntarily given. *See id.*

## Conclusion

For the foregoing reasons, we vacate the trial court's order denying defendant's motion to suppress. Notwithstanding, we remand the case for consideration of whether a valid consent justified the search and such other further proceedings as are consistent with this opinion.

GRANT, P.J., and McGREGOR, J., concur.