10 P.3d 1207

STATE of Arizona, Appellant,

v.

Maximiliano LOPEZ, Appellee.

No. 1 CA–CR 99–0945.

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 26, 2000.

Richard M. Romley, Maricopa County Attorney By Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Dean Trebesch, Maricopa County Public Defender By Paul J. Prato, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

TIMMER, Judge.

¶ 1 The State of Arizona appeals from the trial court's dismissal of drug possession charges against Maximiliano Lopez. The trial court dismissed the case against Lopez after granting his motion to suppress evidence of drugs seized by police. The state argues that the trial court misapplied the law in suppressing this evidence.

¶ 2 We are asked to decide whether the police, incident to an arrest of a driver, can legally search the pockets of a passenger's pants packed in a backpack found in the vehicle's passenger compartment, even though there is no indication that either weapons or evidence related to the suspected offense are contained in the pockets. We hold that the police may conduct such a search without violating Fourth Amendment

principles,[1] and we therefore vacate the court's order excluding the evidence of drugs, reverse the court's dismissal of the charges against Lopez, and remand to the trial court.

## FACTUAL AND PROCEDURAL HISTORY

¶ 3 On August 20, 1999, Lopez was a passenger in a car stopped by the police after a license plate check revealed that the owner lacked automobile insurance. The police arrested the driver because he lacked proof of a driver's license, in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 28–1595(B) (1998). The driver was handcuffed and placed in the backseat of the patrol car. Lopez exited the car at an officer's request and was frisked for weapons. Thereafter, the police searched the car's passenger compartment.

¶ 4 During the search, the police discovered a backpack directly behind the front passenger seat. An officer opened the backpack and found several rounds of hollow-point ammunition, a .357 caliber pistol, a photo album containing pictures of Lopez, and a pair of jeans. The officer believed from the size of the jeans and the presence of the photo album that the jeans belonged to Lopez. The officer patted the exterior of the jeans. Although he did not feel anything that he believed was a weapon or ammunition, the officer felt something in the pocket. He then reached in and pulled out two sandwich bags that allegedly contained, respectively, cocaine and a cocaine base. Lopez was subsequently arrested and charged with possession of a narcotic drug in violation of A.R.S. section 13–3408 (Supp.1999).

¶ 5 Lopez moved the trial court to suppress the evidence of drugs, arguing that it was the product of a search prohibited by the Fourth Amendment to the United States Constitution. The trial court granted the motion, ruling that although the search of the

backpack was legal, the police had violated the permissible scope of the search by searching the pockets of the jeans. The trial court also dismissed the indictment against Lopez because without evidence of the drugs, the state lacked evidence to prove its case.

¶ 6 We have jurisdiction over this appeal pursuant to A.R.S. sections 12–120.21(A)(1) (1992) and 13–4032(1) and (6) (Supp.1999).

## STANDARD OF REVIEW

■ ¶ 7 We will not reverse a trial court's ruling on a motion to suppress absent "clear and manifest error or . . . an abuse of discretion." *State v. Jarzab*, 123 Ariz. 308, 312, 599 P.2d 761, 765 (1979). Absent an abuse of discretion, we defer to the court's factual findings underlying its ruling. *State v. Valle*, 196 Ariz. 324, 326, ¶ 6, 996 P.2d 125, 127 (App.2000) (citing *State v. Peters*, 189 Ariz. 216, 218, 941 P.2d 228, 230 (1997)). "We review *de novo*, however, the trial court's ultimate legal determination that the search complied with the dictates of the Fourth Amendment." *Valle*, 196 Ariz. at 326, ¶ 6, 996 P.2d at 127.

## DISCUSSION

■ ¶ 8 The Fourth Amendment protects people from unreasonable searches and seizures. *Scott v. United States*, 436 U.S. 128, 137, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). Generally, a warrantless search is *per se* unreasonable under the Fourth Amendment. *State v. Branham*, 191 Ariz. 94, 95, 952 P.2d 332, 333 (App.1997) (citing *State v. Castaneda*, 150 Ariz. 382, 389, 724 P.2d 1, 8 (1986)). However, such searches are upheld if conducted incident to a valid arrest. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

¶ 9 The parties agree that the police were entitled to arrest the driver[2] and search the passenger compartment pursuant to that ar-

---

1. Neither the parties nor the trial court addressed whether the search was permissible under the Arizona Constitution, and we therefore do not undertake that analysis. Our holding decides only that the search was permitted under the Fourth Amendment.

2. *See* A.R.S. § 28–1595(B) (failure or refusal to exhibit driver's license is a class 2 misdemeanor); *see also* A.R.S. § 13–3883(A)(4) (Supp.1999) ("A peace officer may, without a warrant, arrest a person if he has probable cause to believe . . . [a] misdemeanor . . . has been committed and [that] . . . the person to be arrested has committed the offense.").

rest.[3] They disagree, however, regarding the permissible scope of that search. The state argues that the police were entitled to search the jeans' pockets, and Lopez, not surprisingly, takes the contrary position. Resolution of this issue turns on (1) the constitutionally permissible scope of a search incident to arrest, and (2) whether a non-arrestee's belongings may be included within such a search.

### Scope of a Search Incident to Arrest

¶ 10 In *Chimel,* the United States Supreme Court reaffirmed its prior holding that " '[t]he scope of [a] search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible.' " 395 U.S. at 762, 89 S.Ct. 2034 (quoting *Terry v. Ohio,* 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)) (alterations in original). Relying on this principle, the Court then held that, incident to an arrest, a police officer may search the arrestee and the area within his immediate control in order to ensure the absence of weapons and prevent the destruction or concealment of evidence. *Id.* at 762–63, 89 S.Ct. 2034.

¶ 11 The Court in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), applied *Chimel* in the context of a vehicle occupant's arrest. The Court held that when a police officer lawfully arrests such a person, the officer may, "as a contemporaneous incident of that arrest," search the passenger compartment and examine the contents of any open or closed containers found therein. 453 U.S. at 460–61, 101 S.Ct. 2860. A "container" includes "luggage, boxes, bags, *clothing,* and the like." *Id.* at 460, n. 4, 101 S.Ct. 2860 (emphasis added). Notably, the Court stated that its decision "in no way alters the fundamental principles established in the *Chimel* case regarding the basic scope of searches incident to lawful custodial arrests." *Id.* at 460, n. 3, 101 S.Ct. 2860.

¶ 12 Lopez argues that *Belton's* above-quoted adherence to the principles established in *Chimel* required that the officer's search of the car be confined to containers that could contain weapons or evidence pertaining to the driver's identification. Lopez does not challenge the search of the backpack. Rather, he argues that because the patdown of the jeans did not reveal the presence of weapons or ammunition, and because the officer believed that the jeans belonged to Lopez and therefore did not likely contain the driver's identification, the officer was not justified in reaching into the pocket. We disagree.

¶ 13 In accordance with *Chimel,* the Court in *Belton* justified the search of the passenger compartment of a vehicle incident to arrest of an occupant by citing the need to protect officers and preserve evidence. 453 U.S. at 457, 101 S.Ct. 2860; *see also State v. Hanna,* 173 Ariz. 30, 32, 839 P.2d 450, 452 (App.1992) ("The purpose of allowing a warrantless search under this exception is to ensure the safety of the officer and protect evidence . from being intentionally destroyed."). But the Court did not limit the scope of that search to containers that might conceal weapons or evidence of the suspected offense, as Lopez contends. Instead, *Belton* drew a "bright line" that allows police officers to search *all* containers found within the passenger compartment of the vehicle. 453 U.S. at 460, 101 S.Ct. 2860. Such a rule, according to the Court, provides law enforcement with a single, familiar standard that is readily applicable on a day-to-day basis. *Id.* at 458, 101 S.Ct. 2860.

¶ 14 Significantly, the Court addressed and rejected Lopez's argument:

It is true, of course, that these containers will sometimes be such that they could hold neither a weapon nor evidence of the criminal conduct for which the suspect was arrested. However, in *United States v. Robinson,* the Court rejected the argu-

---

3.  The only possible justification for the contested search was that it was incident to an arrest. The discovery of the pistol and ammunition did not provide a basis for the search. The law does not prohibit persons from possessing hollow-point ammunition rounds or a .357 pistol. *See* A.R.S. section 13-3101 (Supp.1999). Nor was the pis-

tol a prohibited concealed weapon under A.R.S. section 13–3102 (Supp.1999). *See* A.R.S. § 13–3102(F) (no weapons misconduct charge arising from "a weapon or weapons carried in a ... pack or luggage which is carried within a means of transportation....").

ment that such a container—there a "crumpled up cigarette package"—located during a search of Robinson incident to his arrest could not be searched: "The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect."

*Belton,* 453 U.S. at 461, 101 S.Ct. 2860 (quoting *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)).

¶ 15 Thus, under *Belton,* the officer was entitled to search any container found within the vehicle, including the jeans, without considering whether it contained weapons or evidence of the driver's suspected offense.

### Ability to Search a Non–Arrestee's Belongings

¶ 16 The state next argues that the police validly searched the jeans' pocket incident to the driver's arrest, even though Lopez was not then under arrest. Lopez counters that after the officer determined that the jeans did not conceal weapons or the driver's identification, he needed probable cause to believe that the car contained drugs before searching the jeans pockets. We agree with the state.

¶ 17 In *Wyoming v. Houghton,* 526 U.S. 295, 297, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999), the Court addressed "whether police officers violate the Fourth Amendment when they search a passenger's personal belongings inside an automobile that they have probable cause to believe contains contraband." In that case, a police officer stopped a car for speeding and having a faulty brake light. *Houghton,* 526 U.S. at 297, 119 S.Ct. 1297. While speaking with the driver, the

officer noticed a syringe sticking out of the driver's shirt pocket, which the driver admitted he used to take illegal drugs. *Id.* at 298, 119 S.Ct. 1297. Upon request, the driver and his passengers, including Houghton, exited the car, and the officer searched it. *Id.* During the search, the officer found Houghton's purse, opened it, and discovered methamphetamine and drug paraphernalia. *Id.*

¶ 18 The Court held that the police did not violate the Fourth Amendment by searching Houghton's purse. *Id.* at 307, 119 S.Ct. 1297. "'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of *every part of the vehicle and its contents* that may conceal the object of the search,'" regardless of ownership. *Id.* at 301, 119 S.Ct. 1297 (quoting *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)). The Court reasoned, in significant part, that "a criminal might be able to hide contraband in a passenger's belongings as readily as in other containers in the car," thereby justifying a search of those belongings. *Id.* at 305, 119 S.Ct. 1297. Moreover, the Court avoided the creation of a "passenger's property exception" to car searches that, once it became widely known, would induce passenger-confederates to claim everything as their own and thereby thwart the interests of law enforcement. *Id.*

¶ 19 While acknowledging that these factors will not always be present, the Court reached its decision "with an eye to the generality of cases." *Id.* Believing "the needs of law enforcement" outweigh "a personal-privacy interest that is ordinarily weak," the Court concluded that police officers with probable cause to search a car may inspect passengers' belongings found within the car that are capable of concealing the object of the search.[4] *Id.* at 306, 119 S.Ct. 1297.

---

**4.** The trial court seized upon the latter portion of this holding to conclude that the officer wrongfully searched the jeans' pockets because they were incapable of concealing the object of the search. However, the breadth of a search based on probable cause is more narrow than one incident to arrest. As previously explained, *Belton* makes clear that a search incident to arrest may include perusal of all containers found within the passenger compartment of a vehicle, *regardless of their ability to hold the object of the search.* 453 U.S. at 461, 101 S.Ct. 2860. *Houghton* did not alter the scope of a search incident to arrest, and the trial court therefore erred in its analysis.

**424**

¶ 20 Although *Houghton* involved a search based on probable cause, we decide that its reasoning is equally applicable to a search incident to arrest. As with searches of vehicles based on probable cause, a vehicle search incident to arrest allows inspection of *all* containers found within the passenger compartment. *Belton,* 453 U.S. at 460, 101 S.Ct. 2860. Moreover, weapons and evidence of the arrestee's suspected offense can be concealed in a passenger's belongings. Accordingly, as with probable cause searches, "the needs of law enforcement" in a search incident to arrest outweigh a non-arrestee's privacy interest in belongings found within the passenger compartment. *See Houghton,* 526 U.S. at 306, 119 S.Ct. 1297. Therefore, we hold that the police were entitled to search . Lopez's belongings, including his jeans, as a search incident to arrest of the driver.[5]

### CONCLUSION

¶ 21 The trial court misapplied the law by suppressing the drugs found by the police in a search incident to the driver's arrest. We therefore vacate the trial court's order excluding evidence of the drugs, reverse the judgment of dismissal, and remand to the trial court for further proceedings.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and REBECCA WHITE BERCH, Judge.

---

5. At least one other court and one commentator have reached similar conclusions. *See State v. Ray,* 9 Neb.App. 183, 609 N.W.2d 390, 397 (2000) (following *Houghton,* law enforcement officers who conduct a vehicle search incident to the driver's arrest may inspect passenger's belongings found within the passenger compartment); 3 WAYNE R. LAFAVE, SEARCH AND SEIZURE, § 7.2 (3d ed. 1996 & Supp.2000) ("[D]oes the rule in [*Houghton* ] apply only in those cases where there is probable cause to search the vehicle for contraband? No...").