STATE of South Dakota, Plaintiff and Appellant,

v.

Wayne H. RICE, Defendant and Appellee.

No. 13735.

Supreme Court of South Dakota.

Argued Oct. 14, 1982.

Decided Dec. 15, 1982.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Clyde R. Calhoon of Calhoon and Kratochvil, Brookings, for defendant and appellee.

DUNN, Justice.

This is an intermediate appeal from an order granting Wayne H. Rice's (appellee) motion to suppress certain evidence seized from appellee's vehicle. We reverse and remand.

In the early morning hours of October 21, 1981, an off-duty police officer observed a car stopped near the front of his residence in Flandreau, South Dakota. The officer left his home to investigate the situation. As he approached the car, the officer recognized it to be the one regularly driven by the appellee. One passenger, John Bjerke, was with appellee in his car.

Shining his flashlight into the vehicle, the officer noticed the passenger had an open bottle of beer. The officer requested the bottle be emptied and, in return, open-container charges would not be filed. At some point during the conversation, the officer identified himself to be an off-duty police officer, and the occupants in the vehicle indicated they were aware of that fact.

The officer noticed that the passenger's left hand was under the bottom of his coat and it prevented the officer from seeing what the passenger was concealing. The officer also noticed the appellee was apparently trying to hide something between his legs on the floorboard of the vehicle. The officer requested the two occupants exit the car. As the passenger exited the vehicle, he laid a set of nunchaku on the seat of the car. A nunchaku is a martial arts weapon which consists of two dowels or metal rods joined with chain, cable or rope. Apparently, this is what the passenger was concealing under his jacket with his left hand.

Soon after the occupants exited the vehicle, additional police officers from the Moody County Sheriff's Department arrived on the scene. A short period of time later, the passenger was placed under arrest pursuant to a bench warrant issued from Brookings County. After the passenger was arrested, the off-duty police officer proceeded to search the vehicle. The officer removed an unsheathed hunting knife, which he found on the floorboard of appellee's side of the vehicle, and several sacks of beer and the nunchaku from the passenger side. Opening the glove compartment, the officer found a small pipe and three baggies. Two of the baggies appeared to contain marijuana and the third was thought to be hashish. Thereafter, appellee was placed under arrest for possession of a controlled substance.

Following a suppression hearing, the trial court concluded that only those items in plain view could be used as evidence. Since the trial court ruled that probable cause was lacking, the search of the glove compartment and subsequent seizure were found to be a violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article VI, § 11 of the South Dakota Constitution. The State now appeals from the trial court's order granting appellee's motion to suppress.

The sole question before this court is whether the trial court erred by suppressing evidence found in the glove compartment of appellee's car during the search of the vehicle incident to the arrest of one of the occupants of the vehicle.

The distinction between the "search incident to arrest" exception and the "auto-

mobile exception" to the warrant requirement of the Fourth Amendment to the United States Constitution is critical in this case. A search incident to arrest permits a warrantless search of an individual and of the area within his immediate vicinity following his arrest, so long as the search is contemporaneous with the arrest and is confined to the immediate vicinity of the arrest. The warrantless search is justified in order to prevent the removal of weapons which might be used to resist arrest or to effect an escape and to prevent concealment or destruction of evidence. Probable cause to believe that specific evidence will be found is *not* a necessary requirement of this exception. *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. Max,* 263 N.W.2d 685 (S.D.1978); *State v. Lohff,* 87 S.D. 693, 214 N.W.2d 80 (1974).

■ The automobile exception, on the other hand, has a different set of requirements. Under this exception, if law enforcement officers can demonstrate probable cause for searching an automobile, the probable cause furnishes sufficient constitutional justification for searching the automobile without obtaining a search warrant. The police officer must demonstrate probable cause to believe the automobile contains contraband or evidence of a crime. *United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Boardman,* 264 N.W.2d 503 (S.D.1978).

The State asserts the search in this case should be characterized as a search incident to arrest. As such, the State would not have to establish probable cause and the trial court's order to suppress would have to be overturned. We agree.

The United States Supreme Court recently discussed the proper scope of a search of an automobile incident to a lawful custodial arrest of its occupants. In *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court stated:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.

*Id.,* at 460, 101 S.Ct. at 2864. The Court defined "container" in an accompanying footnote:

> "Container" here denotes any object capable of holding another object. *It thus includes closed or open glove compartments,* consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

*Id.,* at 460–61, 101 S.Ct. at 2864 (emphasis supplied). In *Belton,* the search of a zipper-closed pocket of a jacket lying on a car seat was upheld, even though the arrestee had been removed from the car and was not in a position, physically, to reach a weapon or remove evidence. This court first noted the existence of the *Belton* exception to the warrant requirement in *State v. Anderson,* 316 N.W.2d 105 (S.D.1982).

■ In the case at hand, a police officer made a lawful custodial arrest of one of the occupants of the vehicle.[1] Immediately following the arrest, another officer searched

---

1. Appellee does not cite, and we cannot find, any authority for the proposition that "passengers" do not come within the definition of "occupant." Accordingly, we cannot agree with appellant's assertion that the vehicle could not be searched incident to arrest because the owner/driver was not arrested.

the passenger compartment of the vehicle, which included the glove compartment. Like *Belton,* the occupant in this case was not in a position to physically reach a weapon or remove evidence at the time of the search.[2] Since there is no question that the arrest in this case was legal, we believe the search was permissible under *Belton,* at least under the federal constitution, as a lawful search incident to arrest.

Appellee asserts, however, that the *Belton* rule should not apply to this case because Article VI, § 11 of the South Dakota Constitution provides greater protection to South Dakota citizens than does the Fourth Amendment of the United States Constitution.[3] We cannot agree.

Appellee contends *State v. Opperman,* 247 N.W.2d 673 (S.D.1976), provides authority for the proposition that the search of the glove compartment in this vehicle was in violation of Article VI, § 11 of the South Dakota Constitution. We do not agree with appellee's assertion that the facts in *Opperman,* which we found to be an unreasonable search and seizure under the South Dakota Constitution, are analogous to the case at hand. *Opperman* involved a warrantless inventory search of the glove compartment of a vehicle after the vehicle had been towed away on a parking violation. The case at hand involves a warrantless search incident to the arrest of one of the occupants. Unlike *Opperman,* this case involved a contemporaneous search at the place of the arrest and in the presence of the occupants.

More relevant to our discussion of this state constitutional safeguard is this court's holding in *State v. McCreary,* 82 S.D. 111, 142 N.W.2d 240 (1966). There, this court discussed the federal and state constitutional safeguards as they related to a search incident to arrest. The court stated:

> The protection afforded by the Constitutions of the United States and this state to persons and their effects is against unreasonable searches and sei-·zures. ... A search of an automobile must meet the test of reasonableness under these provisions of our constitution.

82 S.D. at 122, 142 N.W.2d at 246. In that case, the parties were arrested on a public highway. Due to poor weather conditions, the parties and their car were taken to the sheriff's office for a search of their persons and their automobile. The court concluded the need to clear the highway, to protect the parties from the elements, and to afford better conditions for the search, justified the brief delay in the search. Thus, the court, in applying the test of reasonableness under both the federal and state constitutions, concluded the search of the automobile was incidental to a legal arrest and passed constitutional scrutiny.

Here, like *McCreary,* there was a legal arrest of one of the occupants; except, in this case, the search took place immediately after the arrest at the location of the arrest. The officer's search revealed, in addition to the already discovered nunchaku, an unsheathed hunting knife which the appellee was apparently trying to conceal under the floorboard. The search

---

**2.** We note and reject appellee's assertion that a search incident to arrest can only take place when the arresting officer is in reasonable need of protection. We believe a search may proceed following an arrest whether the officers are in peril or not. *United States v. Fleming,* 677 F.2d 602 (7th Cir.1982). A realistic chance that the arrestee could actually get inside the container based on specific facts of the particular case, need not be established to justify the search. 2 W. LaFave, Search and Seizure, § 5.5 at 81 (1978, 1982 Supp.).

**3.** S.D. Const. art. VI, § 11, reads:
The right of the people to be secure in their persons, houses, papers and effects, against

unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized.

U.S. Const. amend IV reads:
The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

of the glove compartment which followed was a logical extension of the search since its contents were readily available to the occupants prior to their exiting from the vehicle. Applying the test of reasonableness under Article VI, § 11 of our state constitution to the facts of this case, we hold that the search of the appellee's vehicle and the compartments therein was a search incident to arrest, which is permissible under the constitution of this state.

The order is reversed and the case is remanded for further proceedings not inconsistent with this holding.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., concurs in result.

FOSHEIM, Chief Justice (concurring in the result).

I agree with the result reached by the majority, but not totally with their rationale. According to the majority, *Belton* holds that the question of an arrestee's accessibility to the area searched is no longer relevant. This, from my reading, is an over-extended interpretation. The holding in *Belton* is preceded by the observation "that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact *generally, even if not inevitably,* within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary item.' *Chimel,* 395 U.S., at 763 [89 S.Ct. at 2040]."[1] *Belton,* 453 U.S., at 460, 101 S.Ct. at 2864 (emphasis added). *Belton* then states:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for *if the passenger compartment is within reach of the arrestee,* so also will containers in it be within his reach. (footnotes omitted, emphasis added)

*Belton* indicates accessibility is necessary and I believe the arrestee in the case before us was as accessible to the passenger compartment of the car as were the arrestees in *Belton.* It appears from a fair reading of the testimony that there was likely some time interval between the arrest and the handcuffing of Mr. Bjerke. During this interval he was certainly accessible to the car and, depending upon how he was handcuffed, he could have had access to the vehicle even while handcuffed.

1. "Specifically, the Court held in *Chimel v. California,* 395 U.S. 752 [89 S.Ct. 2034, 23 L.Ed.2d 685], that a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area. Such searches have long been considered valid because of the need 'to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' and the need to prevent the concealment or destruction of evidence. The Court's opinion in *Chimel* emphasized the principle that, as the Court had said in *Terry v. Ohio,* 392 U.S. 1, 19 [88 S.Ct. 1868, 1878, 20 L.Ed.2d 889], '[t]he scope of [a] search must be "strictly tied to and justified by" the circumstances which rendered its initiation permissible.'" *Belton,* 453 U.S., at 457, 101 S.Ct. at 2862.