[No. 16255-9-III.    Division Three.    December 16, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. LISA MARIE NELSON, *Respondent*.

*Andrew K. Miller, Prosecuting Attorney*, and *Brandi E. Shroyer, Deputy*, for appellant.

*Daniel M. Arnold*, for respondent.

KURTZ, J. — The State appeals the suppression of methamphetamines and drug paraphernalia found in Lisa M. Nelson's purse after the police arrested a passenger in the truck she was driving. The State contends the court erred in suppressing this evidence because the police officer had probable cause to stop, detain and search the vehicle. We find the suppression of the evidence was proper and affirm.

On August 18, 1996, Officer Randy Maynard of the Kennewick Police Department stopped a truck driven by Lisa M. Nelson after observing white light on one of the rear taillights. Ms. Nelson did not have a driver's license, but produced a Washington State Identification Card. Officer Maynard noticed the two male passengers in the truck were not wearing their seat belts and also asked them to produce identification.

A warrants' check and driver's status check were run on the three occupants of the vehicle. A valid warrant was confirmed on one of the passengers and he was arrested. Subsequently, Officer Maynard ordered Ms. Nelson to get out of the truck, first telling her to leave her purse, which was between her legs, in the truck. Officer Maynard then searched the truck and Ms. Nelson's purse and found what he believed to be methamphetamine and drug paraphernalia in her purse. Ms. Nelson was placed under arrest.

Ms. Nelson moved to suppress the evidence found in her

purse. After a CrR 3.6 hearing, the court ruled to suppress the evidence. The State filed a motion for reconsideration and the court granted the motion and the case was continued for additional CrR 3.6 testimony. A second hearing was held and again the court ruled to suppress the evidence found in Ms. Nelson's purse. The court recognized the validity of the arrest of the passenger and the search of the vehicle incident to his arrest. However, the court held that Ms. Nelson's purse was excluded from the scope of the search because the officer could not order her to leave her purse in the car so he could search it unless she had made some furtive movements that would indicate something was in the purse. Unable to proceed with its case, the State appealed.

Findings entered in a CrR 3.6 hearing are reviewed for substantial evidence. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. *Hill*, 123 Wn.2d at 644; *State v. Hagen*, 55 Wn. App. 494, 498, 781 P.2d 892 (1989). The State argues Ms. Nelson was not told to leave the purse in the truck, but voluntarily elected to do so. The trial court accepted Ms. Nelson's testimony that she was instructed to leave her purse in the truck. The credibility of witnesses is within the province of the trier of fact. The court's finding is supported by substantial evidence.

The Fourth Amendment prohibits all unreasonable searches and seizures. *State v. Rivera*, 76 Wn. App. 519, 523, 888 P.2d 740 (1995). Warrantless searches are considered unreasonable, per se, unless they fall within certain narrowly defined exceptions to the warrant requirement. *State v. Hendrickson*, 129 Wn.2d 61, 70, 917 P.2d 563 (1996). Such an exception is a warrantless search incident to a lawful arrest. *State v. Smith*, 119 Wn.2d 675, 678, 835 P.2d 1025 (1992). In that instance, the police may lawfully search the area within the immediate control of the arrestee at the time of his arrest. *Chimel v. California*, 395

U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969). Such a search may include the entire passenger compartment and any containers found within it. *New York v. Belton*, 453 U.S. 454, 460-61, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981); *State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986); *see State v. Mitzlaff*, 80 Wn. App. 184, 186-87, 907 P.2d 328 (1995) (comparing federal and state constitutional search and seizure provisions), *review denied*, 129 Wn.2d 1015 (1996).

The State contends the search of Ms. Nelson's purse was justified as part of the search of the passenger compartment incident to the arrest of a passenger. In *State v. Seitz*, 86 Wn. App. 865, 941 P.2d 5 (1997), the court held that the search of the defendant's purse where the purse was not in the automobile at the time the automobile was searched, but was on the defendant's person, was not justified when the police lacked a reasonable, articulable suspicion that the defendant was involved in criminal activity. The court stated:

> The valid arrest of a driver justifies a search of the car's passenger compartment, not including locked containers.[11] The valid arrest of a passenger justifies a search of the car's passenger compartment, not including locked containers.[12] The valid arrest of either the driver or passenger justifies a search of a purse found in the car,[13] and without so holding, we assume this is true regardless of whether the purse belongs to the driver or the passenger. It is our view, however, that the valid arrest of a driver does not justify the search of a purse known to belong to a passenger, where the purse is not in the car at the time of the search, but rather is on the passenger's person and the passenger is outside the car.

---

[11]*State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986).

[12]*State v. Cass*, 62 Wn. App. 793, 795-97, 816 P.2d 57 (1991) [*review denied*, 118 Wn.2d 1012 (1992)].

[13]*State v. Fladebo*, 113 Wn.2d 388, 395, 779 P.2d 707 (1989).

*Seitz*, 86 Wn. App. at 869.

■ Since *Seitz*, this court found the search of a passenger's purse, voluntarily left in the car after the arrest of the driver, to be valid. *State v. Parker*, 88 Wn. App. 273, 944 P.2d 1081 (1997), *petition for review filed* (Wash. No. 66147-2, Nov. 4, 1997). The court distinguished *Seitz*, because Ms. Parker left her purse in the car, while Ms. Seitz kept her purse with her when she left the car. The distinction is based upon the amount of control the nonarrested person maintains over his or her personal property. When the person maintains control over the personal property and there are no furtive movements indicating he or she is trying to hide something, the police are not allowed to search the property.

In order to do a patdown search of a person, the police must be able to point to specific and articulable facts creating an objectively reasonable belief that a suspect is armed and presently dangerous. *State v. Cole*, 73 Wn. App. 844, 850, 871 P.2d 656, *review denied*, 125 Wn.2d 1003 (1994). Thus, if the police do not believe a person presents a danger, they cannot search the person and their clothing. This would include a purse they are carrying. Although Ms. Nelson was not carrying her purse, she was prevented from doing so by Officer Maynard. Up to the time she exited the truck, she had kept control of the purse by keeping it between her legs. Although the State argues she was not told to leave the purse in the truck, the court chose to believe she was so instructed.

The judgment of the trial court is affirmed.

SCHULTHEIS, A.C.J., and BROWN, J., concur.