(47 P.3d 419)

No. 86,553

STATE OF KANSAS, *Appellee*, v. TRACY D. BOYD, *Appellant*.

Opinion filed June 7, 2002.

*Nathan Webb*, assistant appellate defender, and *Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Jeffery V. Rowe*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., ELLIOTT and GERNON, JJ.

MARQUARDT, J.: Tracy D. Boyd appeals her conviction of possession of cocaine. We affirm.

Officers Kevin Real and Paul Herman were conducting surveillance of a residence for suspected drug activity. They had arrested two individuals at the residence for possession of cocaine a week earlier. At approximately 1:30 a.m., a vehicle that had been parked in front of the residence drove away and made a left turn without signaling. The officers stopped the vehicle.

Officer Real asked the driver, Richard Lassiter, for his license and proof of insurance. At the same time, Officer Herman approached the passenger's side of the vehicle and obtained identification from Boyd.

Officer Real testified that Lassiter appeared "more nervous than most," and Real asked him to exit the vehicle. When Lassiter was asked where he was traveling from, he gave the name of one of the individuals who had been arrested at the surveilled residence the previous week. Officer Real asked Lassiter if he had any illegal substances on him, and Lassiter responded negatively. Lassiter consented to a search of his person and no illegal substance was

found. Officer Real asked Lassiter if the vehicle was his and, if so, whether he could search it. Lassiter responded affirmatively to both questions.

Officer Herman asked Boyd to step out of the vehicle after Lassiter consented to the search of his vehicle. Boyd testified that when she left the vehicle, she attempted to take her purse but was told by Officer Herman to leave it inside the vehicle.

This procedure lasted 4 or 5 minutes. When Officer Real searched the vehicle, he opened the center console ashtray and found a crack pipe. Boyd's purse was searched after Officer Real discovered the crack pipe. Officer Real testified that Boyd's purse was located on the floorboard between the driver and front passenger seat. Officer Real opened one of the pouches of Boyd's purse and found a plastic bag containing off-white rocks which were later confirmed to be crack cocaine.

Boyd was arrested and charged with possession of cocaine. Boyd filed a motion to quash her arrest and suppress the evidence. After a hearing, the trial court denied Boyd's motion to suppress, finding that *Wyoming v. Houghton*, 526 U.S. 295, 143 L. Ed. 2d 408, 119 S. Ct. 1297 (1999), controlled. The trial court stated that once the crack pipe was found, officers had probable cause to search anything within the driver's reach.

The case was tried to the court. By agreement of the parties, the testimony from the suppression hearing was admitted as part of the bench trial. Boyd renewed her motion to suppress, which was denied. The trial court found Boyd guilty of cocaine possession and sentenced her to 12 months' probation with an underlying prison term of 11 months. Boyd timely appeals.

Boyd claims that the trial court erred when it did not suppress the evidence found in her purse. She alleges that the search of her purse was illegal and violated her Fourth Amendment rights.

" 'When analyzing a district court's suppression of evidence, an appellate court reviews the factual underpinnings of a district court's decision by a substantial competent evidence standard and the ultimate legal conclusion drawn from those facts by a de novo standard. An appellate court does not reweigh the evidence. The ultimate determination of the suppression of evidence is a legal question

requiring independent appellate review.' " *State v. Pritchett*, 270 Kan. 125, 128, 11 P.3d 1125 (2000).

"On a motion to suppress evidence, the State bears the burden of proving the lawfulness of a search and seizure. Searches conducted without a warrant issued on probable cause are per se unreasonable under the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights, subject only to a few specially established and well-delineated circumstances. [Citation omitted.]" *State v. Houze*, 23 Kan. App. 2d 336, 337, 930 P.2d 620, *rev. denied* 261 Kan. 1088 (1997).

Whether a search or seizure is illegal and unreasonable under the Fourth Amendment to the United States Constitution requires a balancing of individual privacy rights against legitimate governmental interests. *Houghton*, 526 U.S. at 299-300.

The general rule that warrantless searches and seizures are unreasonable has five exceptions: (1) consent; (2) hot pursuit; (3) incident to a lawful arrest; (4) stop and frisk; and (5) probable cause to search with exigent circumstances. *State v. Box*, 28 Kan. App. 2d 401, 404, 17 P.3d 386 (2000). Boyd does not·question that Lassiter gave consent to the search and that his consent was voluntary.

The State argues that probable cause existed for the search of Boyd's purse after Officer Real discovered the crack pipe in the vehicle's console. Boyd contends that the police did not have probable cause to search her purse because they did not find illegal drugs when they searched Lassiter's person.

There is no published Kansas case which addresses the search of a passenger's possessions when the driver gives consent to search the vehicle.

A vehicle may be searched without a warrant if there is probable cause to support a belief that contraband may be found within the vehicle. *United States v. Ross*, 456 U.S. 798, 806-07, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1982). Once probable cause is found concerning the existence of contraband within the vehicle, any container capable of containing the contraband or evidence thereof may be searched. *State v. MacDonald*, 253 Kan. 320, 325, 856 P.2d 116 (1993). Moreover, a showing of individualized probable cause for each container is not necessary, and a passenger's personal be-

longings, just like the driver's belongings, may be searched. *Houghton*, 526 U.S. at 302.

In *Houghton*, a highway patrol officer stopped a vehicle for speeding and a faulty brake light. The officer noticed a syringe sticking out of the driver's shirt pocket. The driver was asked what the syringe was used for, and he indicated that it was for taking drugs. The officer asked the passengers for identification and instructed them to exit the vehicle. Meanwhile, in light of the driver's admission, the officer searched the passenger compartment of the vehicle for contraband.

During the vehicle search, the officer found a purse in the back seat in which he found methamphetamine and drug paraphernalia. The passenger who was the owner of the purse, Sandra K. Houghton, was arrested. The trial court denied Houghton's motion to suppress the evidence found in her purse. The Wyoming Supreme Court reversed, finding that the search was unreasonable because the officer did not have probable cause to believe Houghton had contraband in the purse. The United States Supreme Court granted certiorari. *Houghton*, 526 U.S. at 297-99. The court found that *Ross*, 456 U.S. 798, did not limit its holding only to contents which belonged to the driver. Justice Scalia stated that if probable cause exists to search a vehicle, all containers within the vehicle capable of containing the object of the search can be searched regardless of ownership. *Houghton*, 526 U.S. at 301.

Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the vehicle contains contraband or evidence. *United States v. Edwards*, 242 F.3d 928, 939 (10th Cir. 2001). At a suppression hearing, officers must offer testimony supporting an articulable suspicion of illegal activity or that contraband could be found within the vehicle. *Edwards*, 242 F.3d at 939.

Consideration of the totality of the circumstances dictates whether the search and seizure was illegal. Lassiter "appeared a lot more nervous than most," and the vehicle had just left a residence where drug arrests had taken place the previous week. Neither Lassiter nor Boyd was under arrest when the search took place.

The trial court stated that probable cause to search Boyd's purse was directly connected to the discovery of the crack pipe in the vehicle's console. We agree.

In justifying the search of Boyd's purse, the State relies on Lassiter's voluntary consent to search the vehicle. An exception to the search warrant requirement is voluntary and knowing consent to search from the person whose rights are in question. *State v. Kriegh*, 23 Kan. App. 2d 935, 938, 937 P.2d 453 (1997). Consent to a search operates to remove the taint of illegality of the seizure if voluntarily given. *State v. Schmitter*, 23 Kan. App. 2d 547, 556, 933 P.2d 762 (1997).

Boyd does not contest Lassiter's consent to search the vehicle. However, Boyd argues that the consent did not cover the search of her purse. A third party who has common authority over the property at issue may give valid consent to search. *Illinois v. Rodriguez*, 497 U.S. 177, 179, 111 L. Ed. 2d 148, 110 S. Ct. 2793 (1990). Kansas has adopted the "apparent authority" rule, which makes valid a consent to search when the facts available to an officer would warrant a person of reasonable caution to believe the consenting party had authority over the premises to be searched. *State v. Ratley*, 16 Kan. App. 2d 589, 595, 827 P.2d 78 (1992).

Boyd and the State differ on the issue of whether the officer had legitimate safety concerns for requesting Boyd to leave her purse in the vehicle. The safety issue is not dispositive of this case.

Boyd does not argue that the officers should not have been able to order her out of the vehicle; instead, Boyd likens her purse to "a piece of her outer clothing, which is subject to a heightened standard of privacy than something merely left in the vehicle." We do not agree that an item of personal property is synonymous with a person's outer clothing. The United States Supreme Court drew a distinction between the heightened privacy expectation against searches of one's person and the reduced expectation of privacy for an item of personal property found in a car. *Houghton*, 526 U.S. at 303.

The State argues that a passenger, like Boyd, has diminished privacy expectations when balanced against the governmental interests of effective law enforcement. Moreover, a passenger "will

often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing. [Citation omitted.]" *Houghton*, 526 U.S. at 304-05.

When assessing the balance between individual privacy and governmental invasion, the "touchstone" has always been reasonableness. *Maryland v. Wilson*, 519 U.S. 408, 411, 137 L. Ed. 2d 41, 117 S. Ct. 882 (1997). It was reasonable for the officers to require Boyd to leave her purse in the vehicle based on legitimate concerns regarding the contents of Boyd's purse.

Finally, the State argues that regardless of whether the search is found to be legal, Boyd and her property would have been searched incident to arrest when police discovered the crack pipe. Here, the State is alluding to another noted exception to the general rule prohibiting warrantless searches. An automobile can be searched when it is done incident to the arrest of its occupant. *State v. Van Wey*, 18 Kan. App. 2d 260, 261, 850 P.2d 283 (1993).

In *State v. Anderson*, 259 Kan. 16, 22, 910 P.2d 180 (1996), the Kansas Supreme Court stated that a search incident to an arrest must be done for at least one of the three reasons set forth in K.S.A. 22-2501. Here, officers did not express a belief that Boyd posed a safety threat. Secondly, Boyd did not attempt to escape and had complied with the officer's instructions when she was told to leave her purse in the vehicle. Thus, the State's argument must rest on the search of Boyd's purse to discover fruits, instrumentalities, or evidence of the crime incident to the possible arrest of Lassiter for possession of the crack pipe.

The State cites *State v. Undorf*, 210 Kan. 1, 499 P.2d 1105 (1972), in which officers stopped a car for speeding, disregarding a stop sign, and crossing the centerline. The officers observed the passenger holding a glass which appeared to contain liquor and an open bottle lying on the console between the seats. The driver was arrested and the car was impounded. Before it was towed, an officer searched the vehicle and found a suitcase full of liquor and a suitcase with drugs in the trunk. The passenger was also arrested and placed in a patrol car. En route to the county jail, an officer searched the passenger's purse and found a loaded gun. *Undorf* is not support for the State's argument that Boyd's purse would have

been searched incident to the arrest. Undorf was under arrest when they searched her purse; Boyd's purse was searched before she was arrested.

Several other state courts have applied *Houghton*. The Supreme Court of Nebraska focused on *Houghton* when it determined that a passenger's knapsack found in the vehicle's passenger compartment could be searched incident to the arrest of the driver. *State v. Ray*, 260 Neb. 868, 620 N.W.2d 83 (2000). The court stated that a driver could hide contraband in a passenger's belongings and a passenger has a reduced expectation of privacy with regard to the property that they transport in cars. 260 Neb. at 874.

In *State v. Lopez*, 198 Ariz. 420, 10 P.3d 1207 (2000), a passenger was removed from a vehicle and patted down for weapons. During the search of the vehicle, officers searched the passenger's backpack and found ammunition and weapons before a further search disclosed cocaine. The Arizona Court of Appeals applied the reasoning from *Houghton* that a vehicle search incident to the arrest of the driver allows inspection of the passenger's belongings. The court stated that because weapons and evidence of the arrestee's suspected offense can be concealed in a passenger's belongings, the needs of law enforcement in a search incident to arrest outweigh a nonarrestee's privacy interest in belongings found within the passenger compartment. 198 Ariz. at 424.

The Supreme Court of Wisconsin in *State v. Pallone*, 236 Wis. 2d 162, 613 N.W.2d 568 (2000), upheld the search, stating that (1) the search was valid as incident to arrest of the driver; and (2) the search was proper because the officer had probable cause to search the vehicle for any container capable of concealing the object of the officer's search. 236 Wis. 2d at 188. In addition to the valid arrest of the driver, the Wisconsin court found that probable cause existed to carry out a full search of the vehicle based on the driver's behavior and statements that there was more liquor stored inside the vehicle. 236 Wis. 2d at 198.

The Supreme Court of South Dakota found that a passenger's purse could be searched incident to the driver's arrest for a probation violation. *State v. Steele*, 613 N.W.2d 825 (S.D. 2000). In *Steele*, the driver was arrested for violating the terms of his pro-

bation by refusing to take a breathalyzer test. The officers asked the passenger, Steele, to exit the vehicle so that they could search the vehicle. The officers refused to allow Steele to take her purse with her. When the officer asked Steele if he would find anything if he searched the purse, Steele responded affirmatively. The officer searched her purse and found drugs and drug paraphernalia inside. Steele was arrested.

Like Boyd, Steele argued that she did not voluntarily leave her purse in the car. The court addressed her argument by concluding that if passengers were allowed to remove belongings from a vehicle prior to its search, then the *Belton* rule would be nullified. *Steele*, 613 N.W.2d at 827. The *Steele* court upheld the search of Steele's purse, stating: "A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are 'in' the car, and the officer has probable cause to search for contraband *in* the car." 613 N.W.2d at 830.

In comparison with Boyd, all of the cases decided by other state courts contained factual scenarios where the initial search of the driver's vehicle took place not because of the driver's consent, but incident to the lawful arrest of the driver or based upon probable cause.

Moreover, in *Ray* and *Pallone*, the passengers provided information to substantiate the probable cause necessary to search the passenger compartment. *Ray*, 260 Neb. at 869; *Pallone*, 236 Wis. 2d at 169. Although the State contends that Boyd also told the officer about the cocaine in her purse prior to the officer's search, it was determined during the suppression hearing that Boyd's conversation with Officer Herman about the contents of her purse was after her purse had been searched.

We hold that under the totality of the circumstances, no illegal search or seizure of any item in a vehicle takes place when probable cause has been established and the officers receive voluntary consent to search from the driver of the vehicle.

Affirmed.