THE STATE OF OHIO, APPELLEE, *v.* MERCIER, APPELLANT.

[Cite as *State v. Mercier,* 117 Ohio St.3d 1253, 2008-Ohio-1429.]

(No. 2007–0980—Submitted March 12, 2008—Decided April 2, 2008.)

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *Wyoming v. Houghton* (1999), 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

LANZINGER, J., dissenting.

{¶ 2} The majority sees this case as straightforward and easily affirmed without opinion on the basis of *Wyoming v. Houghton* (1999), 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408. However, I believe that significant factual differences exist between the two that prevent such a succinct resolution. Not only have the supreme courts of other states held that *Houghton* is not controlling in circumstances similar to those before us, but Justice Breyer's concurrence in *Houghton* itself suggests that it does not decisively answer the question before us today.

{¶ 3} In *Houghton,* the United States Supreme Court was presented with the question of whether, when there is probable cause to search an automobile for contraband, police may search a passenger's purse found in the back seat of a vehicle. The court, in a six-to-three decision, held that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search." Id. at 307, 119 S.Ct. 1297, 143 L.Ed.2d 408.

{¶ 4} Unlike in the case before us, in *Houghton,* the purse was found in the back seat of the car and was not, at the time of the stop, directly connected to its owner. Justice Breyer highlighted this point in his concurring opinion, writing that had the purse been carried by, or otherwise attached to, its owner, the result might have been different. He stated that "the container here at issue, a

woman's purse, was found at a considerable distance from its owner, who did not claim ownership until the officer discovered her identification while looking through it. Purses are special containers. They are repositories of especially personal items that people generally like to keep with them at all times. So I am tempted to say that a search of a purse involves an intrusion so similar to a search of one's person that the same rule should govern both. However, given this Court's prior cases, I cannot argue that the fact that the container was a purse *automatically* makes a legal difference, for the Court has warned against trying to make that kind of distinction. * * * But I can say that it would matter if a woman's purse, like a man's billfold, were attached to her person. It might then amount to a kind of 'outer clothing.' " (Emphasis sic.) Id. at 308, 119 S.Ct. 1297, 143 L.Ed.2d 408, quoting *Terry v. Ohio* (1968), 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (Breyer, J., concurring).

{¶ 5} If, as Justice Breyer suggests, a purse that is in the possession of its owner should not be considered a container, but instead should be considered an item in which a person has a heightened expectation of privacy, the result mandated by United States Supreme Court precedent is decidedly different from the one the majority reaches today. In *United States v. Di Re* (1948), 332 U.S. 581, 587, 68 S.Ct. 222, 92 L.Ed. 210, the court held that simply being a passenger in a car is not enough to justify a complete search of a person. This principle was reaffirmed in *Houghton*, 526 U.S. at 303, 119 S.Ct. 1297, 143 L.Ed.2d 408.

{¶ 6} Thus, the question that we must answer in this case and the question that the majority fails to address is: Was the search of Laura Mercier's purse more analogous to a search of a container or a search of her person? Based on the facts and circumstances of this case, I would answer that the search of Mercier's purse constituted an impermissible search of her person.

{¶ 7} Mercier was a passenger in a car driven by Charles Hagedorn when he was stopped by the police. Immediately before the stop, Hagedorn had sold marijuana to a police informant. The sale had occurred outside of the car. After completing the sale and returning to the car, Hagedorn had driven off with Mercier. He was then stopped by the police.

{¶ 8} During the stop, the police recovered rolling papers, the money used by the informant to purchase the drugs, and Hagedorn's remaining supply of marijuana, which he voluntarily turned over when the officers told him that they smelled marijuana. After arresting Hagedorn, the police ordered Mercier, who was holding her purse on her lap, to get out of the vehicle and leave her purse behind.

{¶ 9} Although Mercier was ordered out of the vehicle, one of the police officers on the scene testified that he did not consider her to be a suspect in any crime. Nor was she viewed as a security threat, for the officer also testified that

he had no memory of patting her down or otherwise checking her for weapons. It is undisputed that when she was ordered out of the vehicle, Mercier was not under arrest, and she was free from suspicion of wrongdoing. Under the holding of *Di Re,* as an innocent vehicle passenger, Mercier was not subject to search. *Di Re,* 332 U.S. at 593, 68 S.Ct. 222, 92 L.Ed. 210. Her purse was in her possession, or would have been but for intervention by the officers. Thus, the facts of this case are decidedly different from those of *Houghton,* in which the purse was not in the possession of its owner but was found in the back seat of the vehicle.

{¶ 10} Although we have not yet considered, in light of *Houghton,* whether a purse when being worn or held constitutes part of the person or is instead a separate container, several other states have addressed this issue. The Kansas Supreme Court, relying in part on Justice Breyer's concurrence in *Houghton,* held that unless there is an arrest or probable cause sufficient to support a search, a woman's purse in her possession or under her control constitutes part of her person and is not subject to search. *State v. Boyd* (2003), 275 Kan. 271, 282, 64 P.3d 419. Similarly, the North Dakota Supreme Court also considered *Houghton* when it held, "A purse, like a billfold, is such a personal item that it logically carries for its owner a heightened expectation of privacy, much like the clothing the person is wearing. We are, therefore, persuaded * * * that the Fourth Amendment is violated when an officer directs that a purse be left in the vehicle and then proceeds to search the purse incident to the arrest of another passenger in the vehicle." *State v. Tognotti,* 2003 ND 99, 663 N.W.2d 642, ¶ 20. Additionally, although decided before *Houghton, State v. Newsom* (1998), 132 Idaho 698, 700, 979 P.2d 100, held that when police order a passenger to leave a purse in a vehicle so that it may be searched, that search violates the passenger's right to be free from unreasonable search and seizure.

{¶ 11} Despite the fact that a majority of state supreme courts that have considered the issue have held that a person has a heightened expectation of privacy in a purse being carried or worn, that conclusion is not uniform. In a three-to-two decision, the South Dakota Supreme Court held that police may order a woman to leave her purse in a vehicle and that officers have the same authority to search the purse as they would other containers found in the vehicle. *State v. Steele,* 2000 SD 78, 613 N.W.2d 825, ¶ 19. The dissent, however, argued, "To disallow the suppression of this evidence * * * would be to blur the constitutional rights of passengers in automobiles and subject them and their property to searches and seizures solely on the basis that they were in the wrong place at the wrong time." Id. at ¶ 29.

{¶ 12} Rather than accept the view of the South Dakota Supreme Court, I am persuaded that a woman (or man for that matter) in possession of a purse, either

worn or carried, has a reasonable expectation of privacy in its contents, and I reject the idea that a purse is nothing more than a simple container, subject to search at will. I would hold that unless probable cause exists for an arrest of the person, law enforcement officers may not instruct an innocent passenger to leave a purse behind in a vehicle so that it may be searched.

{¶ 13} This holding would not limit law enforcement officers' ability to search the person, including a purse, subject to lawful arrest. The rule that police may search a person when probable cause for arrest exists remains unchanged. Officers may also still exercise their authority under *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, to conduct a minimally intrusive search for weapons to protect their own safety when they have a reasonable apprehension of danger.

{¶ 14} In this case, Mercier was not under arrest and was not suspected of any criminal activity. Without any reasonable suspicion that Mercier herself was involved in Hagedorn's criminal activity, the officers did not have probable cause to arrest and search her. Nor did she pose a threat to officer safety, as is highlighted by the fact that the officers could not recall specifically whether she had been frisked or otherwise checked for weapons.

{¶ 15} Our Fourth Amendment jurisprudence is fact-intensive as to the circumstances of reasonableness. Given these facts, I would hold that because the search of her purse violated Mercier's Fourth Amendment rights, any evidence obtained as a result must be suppressed. I therefore dissent and would reverse the judgment of the court of appeals.

PFEIFER, J., concurs in the foregoing opinion.

---

Joseph T. Deters, Hamilton County Prosecuting Attorney, and James Michael Keeling and Lara B. Molnar, Assistant Prosecuting Attorneys, for appellee.

Jeffrey A. Burd, for appellant.